IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RYAN A. KLIESCH, )
             Plaintiff, )
)
)   CASE NO. 3:10-0600
v. )   JUDGE TRAUGER/KNOWLES
)
FIFTH THIRD MORTGAGE CO., et al., )
             Defendants. )

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss Or, In The Alternative, For Summary Judgment filed by Defendant Fifth Third Mortgage Company.[1] Docket No. 10. In support of the Motion, Defendant has filed an accompanying Memorandum of Law with Exhibits. Docket No. 11.

Plaintiff has not responded to Defendant's Motion.

Plaintiff, pro se, filed a "Complaint for Permanent Injunction and Other Equitable Relief," alleging that Defendant Fifth Third Mortgage Company ("Fifth Third") breached its

---

[1] Although Defendant's Motion to Dismiss is, in the alternative, a Motion for Summary Judgment, Defendant has not submitted any supporting material in a form required by Fed. R. Civ. P. 56 that would allow the Court to consider the Motion as a Motion for Summary Judgment. Instead, Defendant notes in a footnote, "If the Court decides to convert this motion to dismiss into a motion for summary judgment, Defendant respectfully requests an opportunity to supplement the record." Docket No. 11, n. 1. Because the Exhibits attached to Defendant's supporting Memorandum of Law are not in a form required by Fed. R. Civ. P. 56, the Court will construe the instant Motion as a Motion to Dismiss.

1

fiduciary duty to him when it failed to provide the required closing documents and disclosures prior to the May 12, 2008 closing of his loan. Docket No. 1. Plaintiff additionally alleges that Defendant has charged excessive late fees and has failed to provide an accounting of payments. *Id.* Plaintiff sues Fifth Third Mortgage Company and Mortgage Electronic Registration Systems, Inc., seeking the recision or reformation of the loan; a permanent injunction against Defendants "from violating § TILA, Regulation Z, and RESPA in any way where [Plaintiff] is Concerned"; a finding of Defendants to be "jointly and severally liable for redress" to Plaintiff's injuries; compensatory, punitive, statutory, equitable, special, and treble damages; costs; and any other equitable relief as the Court determines to be just and proper. *Id.*

Defendant Fifth Third filed the instant Motion and supporting Memorandum arguing that Plaintiff's claims should be dismissed because: (1) Plaintiff executed a Loan Modification Agreement releasing Fifth Third from liability for all of the claims arising prior to September 9, 2009; (2) Plaintiff's allegations are conclusory; (3) Plaintiff's claims for damages and rescission under the Truth In Lending Act ("TILA") are time-barred; (4) Plaintiff cannot recover for Fifth Third's alleged failure to provide the Real Estate Settlement Procedures Act's ("RESPA's") disclosures; (5) Plaintiff filed this action before Fifth Third was required to respond to his Qualified Written Request; and (6) there is no fiduciary relationship between Plaintiff and Fifth Third. Docket Nos. 10 and 11.

As has been noted, because the Exhibits attached to Defendant's supporting Memorandum are not in a form required by Fed. R. Civ. P. 56, the Court will construe the instant Motion as a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be

2

granted.  In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory.  *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).  Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.  *Id.*  A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face."  *Id*. At 1965, 1974.  *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

The allegations of Plaintiff's Complaint relate solely to a $595,000 May 12, 2008 loan obtained by Plaintiff.  *See* Docket No. 1.  Plaintiff alleges that Defendant breached its fiduciary duty to him when it did not give him all of the necessary closing documents prior to closing (including early disclosure statements, the special information booklet, and the controlled business arrangement), as required by the Truth In Lending Act, 15 U.S.C. §§ 1601 et seq., and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq.  *Id.*  Plaintiff also alleges that Defendant breached its fiduciary duty to him when it failed to provide all the necessary required material disclosures (including the notices of cancellation and the preliminary disclosures), as required by 12 CFR §§ 226.17(b) and 226.19(a).  *Id.*  Plaintiff states that he sent a rescission letter to Defendants, but Defendants refused to rescind the loan.  *Id.*  Plaintiff further alleges that Defendant has charged him excessive late fees, and has failed to give him a required accounting of payments, despite his sending Defendants a written qualified request.  *Id.*

Taking as true the allegations of Plaintiff's Complaint that Defendant did not provide him

3

with the necessary material disclosures as required by the Truth In Lending Act ("TILA"), Plaintiff's TILA claims are nevertheless time-barred, as TILA claims must be filed within one year from the date of the closing. 15 U.S.C. § 1635. Plaintiff's claims relate to his May 12, 2008 loan. Plaintiff filed this action on June 17, 2010. Thus, Plaintiff did not file this action until over two years after his closing date. Because Plaintiff did not file this action within one year from his closing date, Plaintiff cannot sustain his TILA claims.

The Court accepts as true the allegations of Plaintiff's Complaint that Defendant did not provide him with the "special information booklet" and "controlled business arrangement disclosure" as required by § 2604 of RESPA. But borrowers do not have a private right of action to enforce § 2604. *Johnson v. Equity Title & Escrow Co. Of Memphis, LLC*, 476 F. Supp. 2d 873, 883 (W.D. Tenn. 2007). Because borrowers do not have a private right of action to enforce 12 U.S.C. § 2604, Plaintiff cannot recover for Defendant's failure to provide him with the "special information booklet" and "controlled business arrangement disclosure."

With regard to Plaintiff's allegation that Defendant violated RESPA by failing to respond to his qualified written request, 12 U.S.C. § 2607(e)(1) provides that a loan servicer has twenty business days to send a letter of receipt to the borrower, acknowledging receipt of the borrower's request. 12 U.S.C. § 2605(e)(2) provides that a loan servicer then has sixty business days to furnish the borrower with the requested information. Plaintiff avers in this Complaint that he mailed Defendant a qualified written request, and that he attached a copy of that request to his Complaint as "Exhibit C," but there are no Exhibits attached to Plaintiff's Complaint. *See* Docket No. 1. Although not in a form required by Fed. R. Civ. P. 56, Defendant has attached, as Exhibit F, a document entitled Qualified Written Request, which appears to have been sent by

4

Plaintiff to Defendant. Because Plaintiff explicitly intended to attach a copy of that request to his Complaint as Exhibit C, the undersigned will consider it. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference ..."). The document entitled Qualified Written Request is dated April 14, 2010. There is a handwritten note on the document indicating that it was received on April 19, 2010. If Plaintiff's request was received on April 19, 2010, then Defendant had until July 14, 2010, to provide Plaintiff with the requested information. *See* 12 U.S.C. §§ 2607(e)(1) and 2605(e)(2). Plaintiff filed this lawsuit, however, on June 17, 2010. Because Plaintiff filed this lawsuit before Defendant's time for providing the requested information had passed, Plaintiff's claim that Defendant failed to furnish him the requested information is premature.

Plaintiff also argues that Defendant breached its fiduciary duty to him when it failed to give him all of the necessary disclosures and closing documents. Docket No. 1. Plaintiff, in his Complaint, does not allege that there was any type of known special trust relationship between himself and Defendant that might give rise to a fiduciary duty. It appears as though Plaintiff assumes that because he borrowed money from Defendant, an inherent fiduciary duty arose. Absent a known special trust relationship, however, no fiduciary duty arises between a borrower and a lender. *See, e.g., Randleman v. Fidelity Nat. Title Ins. Co.*, 465 F. Supp. 2d 812, 823 (N.D. Ohio 2006). Because Plaintiff has not alleged that there was a known special trust relationship between himself and Defendant, and because no fiduciary duty automatically arises, Plaintiff cannot sustain his claim for breach of fiduciary duty, and that claim should be dismissed.

Plaintiff additionally avers that Defendant charged him excessive fees during the closing and servicing of the loan. Docket No. 1. Taking as true Plaintiff's allegation that Defendant charged him excessive fees during the closing and servicing of the loan, Plaintiff's allegation is sufficient to survive Defendant's Motion to Dismiss.

For the foregoing reasons, the undersigned therefore recommends that Defendant's Motion be GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's TILA claims are time-barred and should be DISMISSED. Plaintiff's RESPA claims should also be DISMISSED, as 12 U.S.C. § 2604 does not provide for a private right of action and Plaintiff filed suit before Defendant's time to furnish the requested information had passed. Plaintiff's breach of fiduciary duty claims should likewise be DISMISSED as no fiduciary duty exists between the parties. Plaintiff's excessive fee claims, however, should PROCEED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge