IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RYAN A. KLIESCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 3:10-0600 |
| v. ) | JUDGE TRAUGER/KNOWLES |
| ) | |
| ) | |
| FIFTH THIRD MORTGAGE CO., et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss filed by Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"). Docket No. 20. In support of the Motion, Defendant has filed an accompanying Memorandum of Law. Docket No. 21.

Plaintiff has not responded to Defendant's Motion.

Plaintiff, pro se, filed a "Complaint for Permanent Injunction and Other Equitable Relief," alleging that Defendant Fifth Third Mortgage Company ("Fifth Third") breached its fiduciary duty to him when it failed to provide the required closing documents and disclosures prior to the May 12, 2008 closing of his loan. Docket No. 1. Plaintiff additionally alleges that Defendant Fifth Third has charged excessive late fees and has failed to provide an accounting of payments. *Id.* Plaintiff sues Defendants Fifth Third Mortgage Company and MERS seeking the recision or reformation of the loan; a permanent injunction against Defendants "from violating § TILA [*sic*], Regulation Z, and RESPA in any way where [Plaintiff] is Concerned"; a finding of

1

Defendants to be "jointly and severally liable for redress" to Plaintiff's injuries; compensatory, punitive, statutory, equitable, special, and treble damages; costs; and any other equitable relief as the Court determines to be just and proper. *Id.*

Defendant MERS filed the instant Motion and supporting Memorandum arguing that Plaintiff's claims should be dismissed because: (1) Plaintiff has failed to allege any viable cause of action against MERS; (2) Plaintiff has failed to support his claims with any factual bases regarding the conduct of MERS; and (3) Plaintiff's claims are time-barred. Docket Nos. 20 and 21. Defendant MERS seeks dismissal from this action and also seeks recovery of its reasonable costs and expenses incurred in defending this litigation. *Id.*

The allegations of Plaintiff's Complaint relate solely to a $595,000 May 12, 2008 loan obtained by Plaintiff from Defendant Fifth Third.[1] *See* Docket No. 1. Plaintiff alleges that Defendant Fifth Third breached its fiduciary duty to him when it did not give him all of the necessary closing documents prior to closing (including early disclosure statements, the special information booklet, and the controlled business arrangement), as required by the Truth In Lending Act, 15 U.S.C. §§ 1601 et seq., and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq. *Id.* Plaintiff also alleges that Defendant Fifth Third breached its fiduciary duty to him when it failed to provide all the necessary required material disclosures (including the notices of cancellation and the preliminary disclosures), as required by 12 CFR §§ 226.17(b) and 226.19(a). *Id.* Plaintiff states that he sent a rescission letter to "the parties involved," but that "the mortgage company" refused to rescind the loan. *Id.* Plaintiff further alleges that Defendant Fifth Third has charged him excessive late fees, and has failed to give him

---

[1] All claims against Defendant Fifth Third have been dismissed. *See* Docket No. 16.

a required accounting of payments, despite his sending Defendants a written qualified request. *Id.*

Plaintiff's Complaint does not contain any allegations against Defendant MERS. *See id.* Absent allegations against Defendant MERS, Plaintiff cannot sustain a claim upon which relief can be granted against it. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . .

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

Because Plaintiff's Complaint does not contain any allegations against Defendant MERS, Plaintiff cannot sustain his claim against it, and the undersigned recommends that Defendant's Motion be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

```
_____
E. CLIFTON KNOWLES
United States Magistrate Judge
```